## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

GREGORY E. FITCH, JR.,

      Petitioner,

vs.

STATE OF OHIO, Et. Al.,

      Respondent.

Case No. 2:23-cv-206

Judge Edmund A. Sargus, Jr.
Magistrate Judge Kimberly A. Jolson

## REPORT AND RECOMMENDATION

Petitioner Gregory E. Fitch, Jr. ("Petitioner" or "Fitch"), an inmate in state custody at the Marion Correctional Institution, has filed, *pro se*, a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (the "Petition"). (Doc. 1). Petitioner challenges his conviction and sentence set forth in the Licking County Court of Common Pleas Case No. 2005-CR-381, finding Petitioner guilty of one count of rape and sentencing him to a mandatory term of life imprisonment. (Doc. 1 at PageID 1). This matter is before the Court on the Petition, (Doc. 1), Respondent's Return of Writ, (Doc. 12), Petitioner's Response in Opposition, (Doc. 15), and the state court record, (Doc. 11). For the reasons that follow this Court **RECOMMENDS** that this action be **DISMISSED with prejudice** as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d) and for failure to state a claim on which relief may be granted.

## I. FACTS AND PROCEDURAL HISTORY

### A. State Conviction

On August 5, 2006, the Licking County Grand Jury issued an indictment charging Petitioner with five counts of rape in violation of R.C. §2907.02(A)(1)(b). (Doc. 11 at PageID 15–17 (Ex. 1)). Petitioner entered a plea of not guilty to the charges. (*Id.* at PageID 19 (Ex. 2)).

Petitioner filed a motion to suppress statements obtained in violation of his constitutional rights, which the state opposed, and Petitioner supplemented.  (*Id.* at PageID 20–26, 27–31, 32–36 (Exs. 3–5)).  On November 7, 2005, and December 21, 2005, the trial court entered orders denying in part and granting in part Petitioner's motion to suppress—denying the motion to suppress the oral confession Petitioner made to police but suppressing the taped confession he made to police.  (*Id.* at PageID 81, 82–86 (Exs. 6–7)).

On December 23, 2005, the case proceeded to trial and the jury found Petitioner guilty of Count 1 of rape of a victim less than ten years old, and not guilty on all remaining Counts.  The trial court immediately proceeded to sentencing and imposed a "mandatory" life sentence (the "2005 Judgment").  (*Id.* at PageID 87–88 (Ex. 8)).

### B.  Direct Appeal

On January 23, 2006, Petitioner through different counsel, filed a notice of appeal to the Fifth District Court of Appeals, Licking County, Ohio., appealing the 2005 Judgment.  (*Id.* at PageID 89 (Ex. 9)).  The State filed a cross appeal from the November 7, 2005 and December 21, 2005 judgment entries regarding the suppression issue.  (*Id.* at PageID 90–91 (Ex. 10)).

In his merit brief, Petitioner raised the following sole assignment of error:

> Fitch's conviction for gross sexual imposition was against the manifest weight of the evidence in light of the trial court's error in permitting the juvenile victim to testify.[1]

(*Id.* at PageID 92–102 (Ex. 11)).  The State responded, raising one assignment of error on cross appeal: "Whether the trial court erred in suppressing the taped portion of the Appellant-Cross Appellee' [sic] confession, finding that **solely** because the uncommunicated, subjective intent of

---

[1] The Court notes that although Petitioner's brief indicates he was convicted for "gross sexual imposition" the 2005 Judgment indicates Petitioner was convicted solely of "one count of Rape, in violation of O.R.C. Section 2907.02 (A)(1)(b), felony of the first degree."  *See* (Doc. 11 at PageID 87–88 (Ex. 8)).

2

the detective was to arrest him after taping his confession, making the taped portion of the interview custodial." (*Id.* at PageID 105–20 (Ex. 12) (emphasis in original)).  Following Petitioner's reply, (*id.* at PageID 126–31 (Ex. 13)), on October 16, 2006, the Fifth District Court of Appeals denied Petitioner's assignment of error (and finding that while the State did not properly perfect a cross-appeal the issue was moot due to the denial of Petitioner's assignment of error) and affirmed the 2005 Judgment. (*Id.* at PageID 132–37 (Ex. 14)).  Neither party sought further appellate review before the Supreme Court of Ohio.  (Doc. 12 at PageID 282; Doc. 15 at PageID 301 (adopting the statement of facts contained in Respondent's Return of Writ)).

### C. Motions to Correct Void Judgment and for Resentencing

On September 3, 2019, Petitioner, *pro se*, filed a motion to correct void judgment (the "Motion to Correct") alleging the 2005 Judgment was void because his sentence failed to include parole eligibility as required by R.C. 2967.13(A)(5) and the Supreme Court of Ohio's holding in *State v. Grimes*, 85 N.E.3d 700 (Ohio 2017).  (Doc. 11. at PageID 138–49 (Ex. 15)).  In response the State filed a counter-motion for resentencing pursuant to R.C. 2929.191 (the "Motion for Resentencing"), arguing that along with his life sentence the 2005 Judgment should have included a "mandatory" five-year period of post release control,[2] and that a resentencing hearing was required to correct the error.  (*Id.* at PageID 150–52 (Ex. 16)).  The State further argued that only the post-release control aspect of Petitioner's 2005 Judgment was void, not his entire sentence.  (*Id.* at PageID 151 (Ex. 16)).  Petitioner replied, arguing that the State wholly failed to address the parole eligibility issue raised by Petitioner in his Motion to Correct, and that the mandatory nature of his sentence along with the lack of parole eligibility rendered the sentence contained in the 2005

---

[2] Post-release control under Ohio law is similar to supervised release under federal law.  It is "a period of supervision by the adult parole authority after a prisoner's release from imprisonment" during which the individual must comply with certain conditions.  Ohio Rev. Code § 2967.01(N).

Judgment as contrary to law and void. (*Id.* at PageID 153–57 (Ex. 17) (arguing that according to R.C.2967.13(A)(5), a defendant who has been convicted of or pleaded guilty to rape will become eligible for parole after (10) ten full years of imprisonment but that "[i]n the instant case, the trial court failed to give notification of parole eligibility at the sentencing hearing," and noting the court had other options than a mandatory life sentence when sentencing Petitioner)).

The court conducted a hearing on the Motion for Resentencing on January 7, 2020, then issued a "Judgment Entry" on January 30, 2020 (the "2020 Judgment Entry"), denying the Motion for Resentencing, finding that because Petitioner's life sentence of imprisonment was mandatory "based on the jury's special finding that the victim was less than 10 years of age," there is no "discretionary or a mandatory period of post release control supervision," necessary. (*Id.* at PageID 159 (Ex. 18)). The Court did not address Petitioner's parole eligibility issue in its January 30 Judgment Entry and did not formally make any changes to Petitioner's sentence or to the 2005 Judgment. (*Id.* at PageID 159–60 (Ex. 18)).

On February 27, 2020, Petitioner proceeding *pro se*, filed a notice of appeal and a brief in support, appealing the trial court's January 30, 2020, Judgment Entry (the "Appeal"), (*id.* at PageID 170–81 (Exs. 25, 26)), raising the following single assignment of error:

> The trial court abused its discretion when it failed to correct the void term of post release control at the re-sentencing hearing pursuant to O.R.C. 2929.11 violating procedural due process and substantial due process of the Fifth and Fourteenth Amendments of the United States Constitution and Ohio Constitution, Article 1, Section 10.

(*Id.* at PageID 175 (Ex. 26)). Also on February 27, 2020, in conjunction with the Appeal, Petitioner filed a motion to appoint appellate counsel (the "First Motion to Appoint Counsel"), arguing that appointment of counsel was required by constitutional due process and equal protection "on a direct appeal of right." (*Id.* at PageID 161–62 (Ex. 19)). The State opposed the Appeal, arguing

that the Ohio Supreme Court, in a 2020 decision held that "any error in a trial court's exercise of its subject-matter jurisdiction in imposing post-release control renders the court's judgment voidable, not void," and therefore only reviewable on direct appeal.  (*Id.* at PageID 187 (Ex. 27)). The State further argued that the Motion to Correct was filed outside the direct appeal period, and that both Petitioner and the State are barred from bringing such a challenge requiring denial of the Appeal.  (*Id.*).  The First Motion to Appoint Counsel was summarily denied by the trial court on March 3, 2020.  (*Id.* at PageID 163 (Ex. 20)).

While the Appeal was still pending, on September 8, 2020, Petitioner filed a second motion for appointment of counsel with the trial court ("Second Motion for Counsel"), which was identical to the First Motion to Appoint Counsel which was previously denied.  (*Id.* at PageID 164–65 (Ex. 21)).   The trial court summarily denied the Second Motion for Counsel two days later on September 10, 2020 (the "Order Denying Counsel").  (*Id.* at PageID 166 (Ex. 22)).

Petitioner then filed another notice of appeal and brief in support on September 29, 2020, this time challenging the trial court's September 10, 2020, Order Denying Counsel (the "Denial of Counsel Appeal").[3]  (*Id.* at PageID 190–98 (Exs. 28, 29)).   The state filed a brief in response, arguing that no right to counsel attached to any appeal of the Motion for Resentencing because it was a collateral as opposed to a direct appeal.  (*Id.* at PageID 199–205 (Ex. 30)).

On February 8, 2021, the appellate court consolidated the Appeal and the Denial of Counsel Appeal (the "Consolidated Appeal").  (*Id.* at PageID 206 (Ex. 31)).  Then in a March 31, 2021, opinion, the appellate court overruled Petitioner's Consolidated Appeal finding that Petitioner had not been resentenced because the Motion to Resentence was denied, and, that even if he had,

---

[3] On September 29, 2020, Petitioner also filed a third motion for appointment of counsel with the trial court (the "Third Motion for Counsel"), which was identical to the motions filed on February 27 and September 8.  (*Id.* at PageID 167–68 (Ex. 23)).  The Third Motion for Counsel was summarily denied on October 1, 2020.  (*Id.* at PageID 169 (Ex. 24)).

pursuant to *State v. Harper*, 159 N.E.3d 248 (Ohio 2020), "any error in a trial court's exercise of its subject matter jurisdiction imposing post-release control renders the judgement voidable, not void," and that any remaining error is barred by *res judicata* because *the Motion to Resentence was not a direct appeal* from the 2005 Judgment, barring the court from making any changes to the 2005 Judgment in a collateral attack. (*Id.* at PageID 210–11 (Ex. 32) (emphasis added)). The appellate court also found that because the Motion for Resentencing, for which Petitioner sought counsel to appeal was a collateral motion and not a direct appeal of the 2005 Judgment, that there was no right to counsel in that proceeding. (*Id.*).

On May 31, 2022, Petitioner filed a notice of appeal to the Supreme Court of Ohio, (*id.* at PageID 214–15 (Ex. 33)), and a motion for leave to file delayed appeal claiming he was unable to timely appeal due to contracting COVID-19 and inadvertently mailing his notice of appeal to the Fifth District Court of Appeals, (*id.* at PageID 216–22 (Ex. 34)). The Ohio Supreme Court granted the motion for leave to file delayed appeal. (*Id.* at PageID 235 (Ex. 35)).

In his memorandum in support of jurisdiction, Petitioner set forth the following propositions of law:

1. Both the trial court and appellate court erred when they failed to comply with Crim.R. 44(A)'s guarantee that a defendant has a right to counsel for direct appeal and Crim.R. 32(B)'s mandate that the court shall notify the defendant that if he is unable to obtain counsel for an appeal, counsel will be appointed without cost, in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, section [sic] 10 and 16, Article I, and Section 3, Article IV, Ohio Constitution.

2. Both the trial court and appellate court abuse [sic] its discretion when it failed to correct the void term of post release control at the re-sentencing hearing pursuant to R.C. 2929.191 violating procedural due process and substantial due process of the Fifth and Fourteenth Amendment of the United States Constitution and Ohio Constitution, Article 1, Section 10.

6

(*Id.* PageID 237 (Ex. 36)).   On September 27, 2022, the Ohio Supreme Court declined to accept

jurisdiction of the appeal pursuant to S. Ct. Prac. R. 7.08(B)(4).  (*Id.* at PageID 252 (Ex. 37)).

### D.  Federal Habeas Claims

Petitioner executed and attests he mailed the instant Petition on December 16, 2022,[4] which

was received by this Court January 3, 2023, raising the following sole ground for relief:

> **GROUND ONE:** The Petitioner was denied the right to counsel and due process
> when the trial court failed to appoint counsel on appeal from the January 7, 2019
> [sic] re-sentencing hearing, and failed to notify him of his appellate rights including
> the right of counsel in aid of that right.

(Doc. 1-1, PageID 16).  Respondent has responded, (Doc. 12), the state court record has been filed,

(Doc. 11), and Petitioner has replied to Respondent's response, (Doc. 15).

## II.  DISCUSSION

Respondent argues that the Petition should be dismissed both procedurally as it is untimely

under 28 U.S.C. § 2244(d)(1) and on the merits as there is no right to counsel in collateral

proceedings.  (Doc. 12 at PageID 286–96).  For the reasons stated below this Court agrees and

**RECOMMENDS** Petitioner's Petition be **dismissed with prejudice** as untimely and for failure

to state a claim on which relief may be granted.

### A.  Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-

year statute of limitations applicable to applications for writs of habeas corpus by persons in

custody pursuant to the judgment of a state court.  28 U.S.C. § 2244(d)(1).  This one-year limitation

period runs from the latest of:

---

[4] Respondent agrees that under *Houston v. Lack*, 487 U. S. 266, 273 (1988), the prison mail-box rule provides the
Petition be deemed filed December 16, 2022.

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner argues his Petition is timely under both 28 U.S.C. § 2244(d)(1)(A) and (D). (Doc. 1 at PageID 13; Doc. 15 at PageID 301–02).  Respondent disagrees, arguing that dismissal is required as there is no basis under 28 U.S.C. § 2244(d)(1)(A) or (D) or via the doctrine of equitable tolling for which the Petition could be considered timely.[5]  (Doc. 12 at PageID 286–92).

### 1. *28 U.S.C. § 2244(d)(1)(A)*

Pursuant to the terms of 28 U.S.C. § 2244(d)(1)(A), Petitioner's conviction and sentence are final on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  Here, the 2005 Judgment containing Petitioner's conviction and sentence was entered on December 23, 2005, after which Petitioner

---

[5]While 28 U.S.C. § 2244(d)(2) allows for tolling of the limitations period during any period of time in which a properly filed petition for post-conviction relief is pending before the state courts, *see Jurado v. Burt,* 337 F.3d 638, 640 (6th Cir.2003); *see also* 28 U.S.C. § 2244(d)(2), the statute is of no assistance here as Petitioner did not file any motions following the conclusion of his direct appeal until 2019 when he filed his motion to correct void judgment, (Doc. 11 at PageID 138 (Ex. 15)), well after the limitations period expired in 2007.

timely appealed on January 23, 2006.  (Doc. 11 at PageID 89 (Ex. 9)).  On October 16, 2006, the Fifth District Court of Appeals denied Petitioner's assignment of error and affirmed the 2005 Judgment entry.  (*Id.* at PageID 132 (Ex. 14)).  Neither party sought further appellate review before the Supreme Court of Ohio.  (Doc. 12 at PageID 282).

Respondent argues that the one-year statute of limitations as calculated under 28 U.S.C. § 2244(d)(1)(A) expired on December 1, 2007, prior to the filing of the instant Petition on December 16, 2022.  (Doc. 12 at PageID 286).  Respondent calculates that Petitioner's sentence contained within the 2005 Judgment became final on November 30, 2006, upon expiration of the forty-five-day period for seeking review of his direct appeal in the Ohio Supreme Court. Ohio S. Ct. Prac. R. 7.01(A)(1)(a)(i).  (*Id.* at PageID 286–87).  The statute then commenced running on December 1, 2006, the next business day after Petitioner's conviction became final, and expired one year later on December 1, 2007, rendering the Petition filed on December 16, 2022, as woefully untimely and clearly barred by the limitations period.  (*Id.* at PageID 287; *see also* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000)).

Petitioner does not take issue with this calculation, instead arguing that it does not apply. (Doc. 15 at PageID 302–03).  Specifically, Petitioner argues that the sentence contained in the 2005 Judgment is void, and that because the trial court held a resentencing hearing and granted his Motion to Correct, the 2005 Judgment is a legal nullity and is not a final appealable order.  (Doc. 1-1 at PageID 16).  And, more importantly, he argues that because the 2005 Judgment is not a final appealable order under Ohio law it cannot be used to calculate the limitations period under 28 U.S.C. § 2244(d)(1)(A).  (Doc. 15 at PageID 302 (citing *State ex rel Carnail v. McCormick*, 931 N.E.2d 110 (Ohio 2010) (internal citations omitted) (void judgments, such as sentences that fail to impose a mandatory term of post release control, do not constitute final appealable orders))).

9

It appears that Petitioner submits that he received a "new judgment of conviction" (presumably the 2020 Judgment Entry denying the State's Motion to Resentence) on which the limitations calculation should be based, and upon which he appealed and sought appointment of counsel to do so. (*See* Doc. 1 at PageID 13; Doc. 15 at 302–03). Respondent disagrees, pointing out that the trial court never granted Petitioner's Motion to Correct, and that the 2005 Judgment was never corrected or modified in a way that would result in it not being treated as a final judgment or otherwise creating an alternative date on which to start the 28 U.S.C. § 2244(d) limitations calculation. (Doc. 12 at PageID 288).

A review of the 2005 Judgment, Petitioner's Motion to Correct, and the 2020 Judgment Entry establishes Petitioner's interpretation is incorrect.

The 2005 Judgment addressed Petitioner's sentence as follows:

The Court finds that the defendant has been convicted of one count of Rape, in violation of O.R.C. Section 2907.02 (A)(1)(b), felony of the first degree. The Court further finds that a sentence of life imprisonment is mandatory in this case.

It is, therefore, ordered that the defendant serve a stated prison term of life at the Orient Reception Center.

The Court has further notified the defendant of the consequences for violating conditions of post-release control imposed by the Parole Board under Ohio Revised Code Section 2967.28. The defendant is ordered to ·serve as part of this sentence any term of post-release control imposed by the Parole Board and any prison term for violations of that post-release control.

(Doc. 11 at PageID 87 (Ex. 8)).

On September 3, 2019, Petitioner filed his Motion to Correct, arguing the 2005 Judgment failed to address his parole eligibility, that imposition of post-release control was improperly incorporated into the judgment, and that his sentence was invalid as his life sentence was not mandatory under controlling Ohio law, rendering the 2005 Judgment void. (*Id.* at PageID 138–42). In response the State filed its Motion for Resentencing, arguing that only the post-release

control sanction in the 2005 Judgment stating that Petitioner shall serve "any term of post-release control imposed by the Parole Board" was void under Ohio law because Petitioner's rape conviction required a five-year period of post-release control pursuant to R.C. 2967.28(8)(1) and *State v. Fischer,* 128 Ohio St.3d 92, 942 N.E.2d 332, 2010-Ohio-8238 and the 2005 Judgment failed to address that requirement. (*Id.* at PageID 150–51 (Ex. 16)).

The totality of the trial court's decision as set forth in the 2020 Judgment Entry is as follows:

> This matter came before the Court on the State's Motion for Post Release Control Re-sentencing, filed September 20, 2019. The Court held a hearing on the State's motion on January 7, 2020.
>
> The State's motion was premised on the argument that the Defendant was improperly sentenced to a term of post release control supervision following his conviction for one count of rape, in violation of R.C. 2907.02 (A)(1)(B), a felony of the first degree after a jury trial. At that sentencing hearing, the trial court advised the Defendant that he would be subject to a term of post release control supervision imposed by the parole board. The State argues that this imposition of a discretionary term of post release control was improper and that the Court should have imposed a mandatory post release control for five years due to the nature of the offense.
>
> At the hearing, counsel for the Defendant argued that the Defendant was not subject to any term of post release control supervision because he had received a life sentence. The Defendant's position is correct. The Court imposed a sentence of life imprisonment, which was mandatory based on the jury's special finding that the victim was less than 10 years of age. Accordingly, the Defendant is not subject to either a discretionary or a mandatory period of post release control supervision.
>
> Therefore, the State's Motion to Impose a Mandatory Term of Post Release Control Supervision is denied. The Defendant is not subject to post release control supervision because he received a sentence of life imprisonment.

(*Id*. at PageID 159–60 (Ex. 18)).

The trial court, in denying the Motion for Resentencing, disagreed with the State's position that the post release control provision was void, finding that due to the mandatory life sentence set forth in the 2005 Judgment, Petitioner was not subject to a mandatory or discretionary post release

control supervision, therefore no modifications or changes to the 2005 Judgment were necessary. (*Id.* at PageID 159 (Ex. 18)). Further, there is no specific mention in the 2020 Judgment Entry of Petitioner's Motion to Correct being granted, or any mention of a need to correct the 2005 Judgment aside from disagreeing with Petitioner's argument that the 2005 Judgment was void because a mandatory life sentence was not required, explaining that Petitioner's sentence was required to be mandatory based on the jury's "special finding that the victim was less than 10 years of age." (*Id.* at PageID 159 (Ex. 18)). The trial court made no findings regarding Petitioner's parole argument and did not indicate that any correction to the 2005 Judgment was needed as Petitioner was not subject to post release control supervision. (*Id.*)

There is no indication from the language of the 2020 Judgment Entry that the court did anything other than affirm the terms of the 2005 Judgment by denying the State's Motion for Resentencing. More importantly, in his own Appeal Petitioner admitted that the 2005 Judgment had not been voided, corrected, or otherwise modified arguing that the trial court abused its discretion by failing to correct the 2005 Judgment. (*See Id.*at PageID 174–82 (Ex. 26)).

Finally, the Sixth Circuit Court of Appeals has rejected similar arguments that a void state court sentence renders the judgment not final for AEDPA statute of limitations purposes, explaining that even if a petitioner's sentence was not final under state law, "finality for purposes of the federal habeas statute of limitations is different than finality for purposes of a direct criminal appeal under Ohio state law."[6] *Mackey v. Warden, Lebanon Correctional Institution,* 525 Fed. Appx. 357, 361 (6th Cir. 2013). This is so as § 2244(d)(1) only requires that a person be "in custody pursuant to the judgment of a State court," not that the judgment be valid under state law.

---

[6] In *Mackey,* the Sixth Circuit also rejected arguments that the proper starting date to begin the running of the AEDPA statute of limitations is the date of resentencing where the resentencing was only to impose post-release controls in accordance with Ohio law. 525 Fed. App'x at 362–363.

12

*Id.* Therefore, even if the 2005 Judgment was void for purposes of a direct appeal in Ohio courts, to accept that Petitioner's sentence was never cognizable under federal habeas review until it became a final appealable order under Ohio law would "undermine the habeas regime embodied in § 2254" as "state courts could insulate themselves from federal habeas review by imprisoning defendants pursuant to enforceable, but technically invalid sentences." *Id.* (citing *Frazier v. Moore,* No. 06–4532, 252 F. App'x 1, 5, 2007 WL 3037256, (6th Cir. 2007)).

For these reasons this Court recommends finding that the 2005 Judgment was sufficient to constitute a final judgment for purposes of § 2244(d)(1) and therefore does not preclude the AEDPA statute of limitations from running from the date it became final on November 30, 2006, since Petitioner's sentence was sufficient to constitute a judgment for AEDPA purposes. Therefore, based on the November 30, 2006, date the 2005 Judgment was final, the limitations period expired on December 1, 2007.  As Petitioner did not execute this Petition until December 16, 2022, (Doc. 1), it was clearly untimely as it was filed well beyond the December 1, 2007, limitations period calculated pursuant to 28 U.S.C. § 2244(d)(1)(A).

For these reasons, the Court **RECOMMENDS** that the Petition is found untimely filed under 28 U.S.C. § 2244(d)(1)(A).

### 2. *28 U.S.C. § 2244(d)(1)(D)*

Alternatively, Petitioner argues that § 2244(d)(1)(D) provides an additional avenue for relief but does not expound upon any basis for its application.  (*See* Doc. 15 at PageID 303). Respondent argues that § 2244(d)(1)(D) is of no help to Petitioner as "nothing at all prevented him

from diligently 'discovering' his claim of an allegedly void sentence for the 17 years" from the entry of the 2005 Judgment to the filing of his Petitioner in 2022.  (Doc. 12 at PageID 288).

28 U.S.C. § 2244(d)(1)(D) requires calculation of the 1-year statute of limitations to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  Section 2244(d)(1)(D), which applies to § 2254 petitions, is analogous to § 2255(f)(4) and has been used interchangeably.  *Shorter v. Richard*, 659 F. App'x 227, 231 (6th Cir. 2016); *Ivory v. United States*, No. 3:18-CV-00537, 2023 WL 1973198, at *7 (M.D. Tenn. Feb. 13, 2023) (citing *Hannigan v. United States*, 131 F. Supp. 3d 480, 492–93 n.7 (E.D.N.C. 2015) (collecting cases).  "Like § 2255(f)(4), § 2244(d)(1)(D) triggers the statute of limitations on the date when 'the facts underlying the petitioner's claim or claims presented could have been discovered through the exercise of due diligence.'"  *Ivory*, 2023 WL 1973198, at *7 (quoting *Smith v. Meko*, 709 F. App'x 341, 346 n.3 (6th Cir. 2017) (internal quotations omitted)).

Petitioner's sole ground does not rely on newly discovered facts or any claim which could not have been brought sooner with the exercise of due diligence.  *See Wallace v. Trierweiler*, No. 19-CV-10234, 2020 WL 1307940, at *2 (E.D. Mich. Mar. 19, 2020) (describing 28 U.S.C. § 2244(d)(1)(D) as requiring evidence of newly discovered facts).  The denial of Petitioner's Motion to Appoint Appellate Counsel, which is the subject of his sole ground, is predicated on the state court's 2020 Judgment Entry resulting from the State's Motion to Resentence which was brought in conjunction with Petitioner's Motion to Correct which argued that the 2005 Judgment was void because of various omissions and errors contained in it.  Petitioner does not explain why he did not seek to invalidate the 2005 Judgment until 2019 or why he did not become aware of the allegedly void nature of the 2005 Judgment at any time before he filed his Motion to correct in 2019.  The factual predicate of his current claim was not the alleged right to counsel for the

14

appellate proceedings that began with his September 3, 2019, filing of the Motion to Correct but instead was allegedly void nature of the 2005 Judgment. The fact that Petitioner waited over 13 years to challenge the 2005 Judgment, and that he provides no explanation for doing so, simply does not allow for the application of 28 U.S.C. § 2244(d)(1)(D).

For these reasons, the Court **RECOMMENDS** finding that 28 U.S.C. § 2244(d)(1)(D) is inapplicable to calculating when the one-year limitations period in 28 U.S.C. § 2244(d) began to run for Petitioner to file his instant Petition for a writ of habeas corpus.

### 3. *Equitable Tolling*

Respondent argues that the statute of limitations should not be equitably tolled in this case to allow Petitioner's untimely Petition to proceed. (Doc. 12 at PageID 289–92). In *Holland v. Florida*, 560 U.S. 631 (2010) the Supreme Court has held that a petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." 560 U.S. at 648 (internal quotations omitted).

The Sixth Circuit requires the court to consider the following factors in determining whether the statute of limitations governing federal habeas petitions should be equitably tolled: (1) a petitioner must establish "that he has been pursuing his rights diligently;" and (2) the petitioner must show "that some extraordinary circumstance stood in his way and prevented timely filing." *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

In examining the factors set forth above, Petitioner has not established he is entitled to equitable tolling of the statute of limitations in this case. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir.2004) ("The petitioner bears the burden of demonstrating that he is entitled to equitable

15

tolling."). To begin, Petitioner has not specifically argued that he is entitled to equitable tolling in this case. (*See* Doc. 1, 15). Moreover, Petitioner has not demonstrated that some extraordinary circumstance prevented him from filing a timely federal habeas corpus petition with this Court or that he lacked notice or constructive knowledge of the one-year filing requirement or that he remained ignorant of it. Most importantly, it is clear from the record that Petitioner has not been diligent in pursuing his rights.

Petitioner has also not made a sufficient showing of actual innocence to warrant an exception to the applicable limitations period. "Where an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying constitutional claims." *Souter v. Jones*, 395 F.3d 577, 602 (6th Cir.2005). In fact, as Petitioner's challenge in the instant Petition is not to his conviction but is only to the terms of his sentence, Petitioner has not alleged his innocence nor offered any new evidence to support such a conclusion. Accordingly, an actual innocence exception to the applicable limitations period is not warranted in this case.

In sum, this Court concludes that under the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), the Petition is time-barred and should be dismissed. The limitations period calculations in 28 U.S.C. § 2244(d)(1)(D), and neither the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) nor equitable tolling principles apply to toll the limitations period in the instant case. Therefore, the Court **RECOMMENDS** that the Petition, (Doc. 1), be **DISMISSED with prejudice** because it is barred from review by the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A).

**B.  Merits**

Even if the Court were to overlook the untimeliness of the Petition, it would fail on the

merits.  Review of a petition is governed by provisions of the AEDPA which allows courts to grant

habeas relief only when the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the Supreme Court
> of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the
> facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  This is a "highly deferential standard for evaluating state-court rulings, which

demands that state-court decisions be given the benefit of the doubt."  *Cull v. Pinholster*, 563 U.S.

170, 181 (2011) (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002)).  A petitioner carries the

burden of proof.  *Id.*

Petitioner's single ground is that the state courts' denial of his Second Motion for Counsel

and in the Consolidated Appeal, seeking counsel for his appeal of the Motion for Resentencing as

set forth in the January 30, 2020, Judgment Entry was a violation of his "right to counsel and due

process."  (Doc. 15 at PageID 302–04).  Petitioner's position, as previously discussed, is that his

original mandatory life sentence contained in the 2005 Judgment is void under Ohio law and

therefore was not a final appealable order.  (*Id*. at PageID 302–04).[7]  It follows that, although not

succinctly stated, Petitioner claims that if the 2005 Judgment is void and not a final judgment, then

his Motion to Correct and the State's Motion to Resentence which resulted in the 2020 Judgment

---

[7] Petitioner cites to *State ex rel Carnail v. McCormick*, 931 N.E.2d 110 (Ohio 2010) (internal citations omitted) for
the proposition that void judgments, such as sentences that fail to impose a mandatory term of post release control, do
not constitute final appealable orders.  (Doc. 15 at PageID 302).

Entry is a "new judgment" and therefore his appeal is not a collateral attack but a direct appeal of his sentence, requiring the appointment of counsel.  (*Id*. at PageID 302–04).  Respondent disagrees, arguing that there is no constitutional right to counsel for Petitioner's Appeal of the January 2020 Judgment Entry because that Judgment Entry was a decision on the State's Motion to Resentence, which was a collateral motion to which the right to counsel does not attach.  (Doc. 12 at PageID 295 (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (citing *Johnson v. Avery*, 393 U.S. 483, 488 (1969))).  For the reasons set forth below this Court agrees with Respondent.

As an initial matter, this Court may review a state prisoner's habeas petition "only on the ground that the challenged confinement violates the Constitution, laws or treaties of the United States, and not 'on the basis of a perceived error of state law.'"  28 U.S.C. § 2254(a); *see also Pulley v. Harris,* 465 U.S. 37, 41 (1984).  As such, to the extent Petitioner attempts to argue that the state court erred by denying his motion for appointment of counsel to appeal the 2020 Judgment Entry resulting from the State's Motion for Resentencing because the state court did not consider that part of a direct appeal to which appointment of counsel is required under Ohio law, consideration of such a position is not cognizable as the state courts are the final authority on state-law issues.  *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *Warner v. Zent*, 997 F.2d 116, 133 (6th Cir.1993) (absent a showing of "extreme circumstances where it appears that the [state court's] interpretation of [state law] is an obvious subterfuge to evade consideration of a federal issue," the federal habeas court is bound by the state court's determination of state law) (quoting *Mullaney v. Wilbur*, 421 U.S. 684, 690–91 (1975)), *cert. denied*, 510 U.S. 1073 (1994).

To the extent Petitioner seeks review of his claim under the United States Constitution, it is undisputed that a criminal defendant is entitled to effective assistance of counsel on direct appeal

of right, just as he is at trial.  *Evitts v. Lucey*, 469 U.S. 387 (1985); *Penson v. Ohio*, 488 U.S. 75 (1988); *Mahdi v. Bagley*, 522 F.3d 631, 636 (6th Cir. 2008).  However, it is also well established "that the right to appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).  Final judgment in a criminal case means the sentence.  *In re Stansell*, 828 F.3d 412, 416 (6th Cir. 2016) (quoting *Berman v. United States*, 302 U.S. 211, 212 (1937); *Burton v. Stewart*, 549 U.S. 147, 156 (2007)).  As Petitioner's sentence is contained in the 2005 Judgment, his direct appeal occurred on January 23, 2006, when he filed a notice of appeal and brief in support to the Fifth District Court of Appeals, Licking County, Ohio, appealing the 2005 Judgment, arguing that the trial court erred in allowing a juvenile victim to testify at his trial resulting in a conviction against the manifest weight of the evidence.  (*Id.* at PageID 89, 92–104 (Exs. 9, 11)).  When he failed to seek review by the Ohio Supreme Court, his direct appeal ended, as did his constitutional right to counsel.

The United States Supreme Court has "never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions."  *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (citing *Johnson v. Avery*, 393 U.S. 483, 488 (1969)).  A motion to correct a sentence is generally considered a collateral attack on a sentence, not a first appeal of right.  *See Musall v. Jones*, No. 05-CV-71625, 2006 WL 1547637, at *6 (E.D. Mich. May 31, 2006); *United States v. Wilcher*, No. 082039-PHXEHC, 2009 WL 3133301, at *3 (D. Ariz. Sept. 28, 2009) ("There is no right to counsel for a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence.").  There is no right to counsel on discretionary appeals.  *Finley*, 481 U.S. at 555 (citing *Wainwright v. Torna*, 455 U.S. 586 (1982); *Ross v. Moffitt*, 417 U.S. 600 (1974)).  As such, because "a defendant has no federal constitutional right to counsel when pursuing a discretionary appeal on direct review of his conviction, *a fortiori,* he has no such right when attacking a conviction that

19

has long since become final upon exhaustion of the appellate process." *Finley*, 481 U.S. at 555 (citing *Boyd v. Dutton*, 405 U.S. 1, 7, n. 2 (1972) (Powell, J., dissenting)).

There is no indication that the 2005 Judgment was anything other than a final appealable judgment. And as the Motion to Correct and the Motion for Resentencing were collateral attacks on that 2005 Judgment, the subsequent appeal resulting from those motions were also collateral. Therefore, the state court did not violate Petitioner's Sixth Amendment right to counsel by denying appointment of counsel to represent Petitioner in his collateral proceeding.

For these reasons this Court **RECOMMENDS** dismissing the Petition with prejudice for failure to state a claim on which relief may be granted.

## IV. Recommended Disposition

**ACCORDINGLY,** this Court **RECOMMENDS** that this action be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d) and as the relief sought fails to state a claim on which relief may be granted.

## V. Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985);*United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

IT IS SO ORDERED.

Date: January 22, 2024                              /s/ Kimberly A. Jolson
                                                    KIMBERLY A. JOLSON
                                                    UNITED STATES MAGISTRATE JUDGE