UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**GREGORY E. FITCH, JR.,**
    Petitioner,

v.

**WARDEN HAROLD MAY,**
    Respondent.

Case No. 2:23-cv-206
Judge Edmund A. Sargus, Jr.
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

This habeas corpus case is before the Court on a Petition Under 28 U.S.C. § 2254 brought by *pro se* Petitioner Gregory E. Fitch, Jr. (ECF No. 1.) The Magistrate Judge issued a Report and Recommendation recommending that the Court dismiss Mr. Fitch's Petition with prejudice as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d) and for failure to state a claim upon which relief may be granted. (ECF No. 16.) Mr. Fitch filed an Objection. (ECF No. 19.)

For the reasons stated below, the Court **ADOPTS** and **AFFIRMS** the Report and Recommendation and **OVERRULES** Mr. Fitch's Objection. The Court **DISMISSES with prejudice** Mr. Fitch's Petition.

## BACKGROUND

The Court adopts and incorporates by reference the background of this case as articulated in the Magistrate Judge's Report and Recommendation. (ECF No. 16, PageID 306–12.) Mr. Fitch adopted and incorporated the same into his Objection. (ECF No. 19, PageID 330.)

I.   **State Court Conviction and Direct Appeal**

On December 23, 2005, a jury found Mr. Fitch guilty of one count of rape, in violation of Ohio Revised Code § 2907.02(A)(1)(b), after a trial in the Licking County, Ohio Court of Common

Pleas. (ECF No. 11, PageID 87.) The jury also made a special finding that the victim was less than ten years of age. (*Id.*) At the time, Ohio law provided that a person found guilty of rape of a victim less than ten years of age "shall be imprisoned for life." Ohio Rev. Code. § 2907.02(B) (effective to January 1, 2007). Accordingly, immediately following the verdict, the state trial court found "that a sentence of life imprisonment is mandatory in this case" and "ordered that the defendant serve a stated prison term of life." (ECF No. 11, PageID 87.)

The state court's 2005 Judgment Entry ("2005 Judgment") sentencing Mr. Fitch also provides for a term of post-release control at the discretion of the Ohio Parole Board:

> The Court has further notified the defendant of the consequences for violating conditions of post-release control imposed by the Parole Board under Ohio Revised Code Section 2967.28. The defendant is ordered to serve as part of this sentence any term of post-release control imposed by the Parole Board and any prison term for violations of that post-release control.

(*Id.* PageID 87.)

Mr. Fitch challenged his conviction as against the manifest weight of the evidence on direct appeal, and the Ohio Fifth District Court of Appeals affirmed his conviction on October 16, 2006. *State v. Fitch*, No. 06CA7, 2006 WL 2947326, at *2 (5th Dist. Ohio Ct. App. Oct. 16, 2006) ("*Fitch I*"). He did not raise any assignment of error regarding post-release control or parole. *See id.* He did not seek further appellate review. (ECF No. 12, PageID 282.)

## II. Subsequent State Court Proceedings

On September 3, 2019, Mr. Fitch filed a "Motion to Correct Void Judgment" in state court, arguing his 2005 sentence was void because the court failed to state his eligibility for parole and improperly imposed a term of discretionary post-release control. (ECF No. 11, PageID 138.) Later that September, the State of Ohio filed a "Motion for Post-Release Control Re-Sentencing Hearing," arguing that under Ohio law applicable at the time, the state trial court was required to

2

impose a five-year period of post-release control, even with a mandatory life sentence. (*Id.* PageID 150–51.)

In January 2020, the state trial court issued a Judgment Entry (the "2020 Judgment") denying the State's motion and holding Mr. Fitch "is not subject to post release control supervision because he received a sentence of life imprisonment." (*Id.* PageID 159–60.) The court did not reference Mr. Fitch's motion or his argument on parole. (*See id.*) This Court thus treats Mr. Fitch's motion as implicitly denied. *See Hill-Lewis v. Clifton Healthcare Ctr.*, No. C-230419, 2024 WL 1006290, at *3 (1st Dist. Ohio Ct. App. Mar. 8, 2024) (holding that a trial court implicitly denied a plaintiff's motion for leave to amend where the court granted a defendant's motion to dismiss); *State v. Boyd*, No. 23 MA 00112, 2023 WL 8893061, at *20 (7th Dist. Ohio Ct. App. Dec. 18, 2023) (collecting additional cases regarding implicit motion denials under Ohio law). The state trial court elaborated:

> At the [2005 sentencing] hearing, counsel for the Defendant argued that the Defendant was not subject to any term of post release control supervision because he had received a life sentence. The Defendant's position is correct. The Court imposed a sentence of life imprisonment, which was mandatory based on the jury's special finding that the victim was less than 10 years of age. Accordingly, the Defendant is not subject to either a discretionary or a mandatory period of post release control supervision.

(ECF No. 11, PageID 159–60.)

Mr. Fitch appealed the 2020 Judgment because it "failed to correct the void term of post release control" and moved for appointed counsel to prosecute his appeal. *See State v. Fitch*, Nos. 2020 CA 00020 and 2020 CA 00060, 2021 WL 1259283, at *1 (5th Dist. Ohio Ct. App. Mar. 31, 2021) ("*Fitch II*"). The state trial court denied the motion for appointed counsel, and Mr. Fitch appealed that order as well. *Id.* Based on a 2020 Ohio Supreme Court decision, the Fifth District Court of Appeals held that "an error in imposition of post-release control renders the judgment

voidable and not void," and therefore, "[the sentence] is subject to review on direct appeal, and any challenge to post-release control raised in a collateral proceeding after direct appeal is barred by res judicata." *Id.* (citing *State v. Harper*, 159 N.E.3d 248, 260 (Ohio 2020)). Accordingly, the Court affirmed the 2020 Judgment, concluding that "any error in imposition of or failure to impose post-release control is now barred by res judicata, as this is not a direct appeal from Appellant's judgment of conviction and sentence." *Id.* at *2.

The Fifth District Court of Appeals also determined that Mr. Fitch's appeal of the 2020 Judgment was a collateral proceeding and therefore appointed counsel was not guaranteed under the Ohio Constitution or the United States Constitution. *Id.* Accordingly, the Fifth District Court of Appeals also affirmed the state trial court's order denying appointment of counsel. *Id.* The Ohio Supreme Court declined to review the case in September 2022. (ECF No. 11, PageID 252.)

**III.     Federal Habeas Petition and the Magistrate Judge's Report and Recommendation**

Mr. Fitch executed and mailed this federal habeas corpus Petition in December 2022. (ECF No. 1-1.) He raises one ground for relief:

> The Petitioner was denied the right to counsel and due process when the trial court failed to appoint counsel on appeal from the January 7, 2019 [sic] re-sentencing hearing, and failed to notify him of his appellate rights including the right of counsel in aid of that right.

(*Id.* PageID 16.) The State of Ohio filed a Return of Writ opposing the Petition. (ECF No. 12.)

The Magistrate Judge issued a Report and Recommendation concluding (1) Mr. Fitch's Petition is barred under the federal habeas corpus one-year statute of limitations under 28 U.S.C. § 2244(d)(1)(A), (2) the discovery provision of 28 U.S.C. § 2244(d)(1)(D) does not apply, (3) Mr. Fitch is not entitled to equitable tolling, and (4) even if the Petition was not time-barred, it would fail on the merits. (ECF No. 16.)

Mr. Fitch objected, arguing he was entitled to appointed counsel on appeal of the 2020

Judgment because it was a final, appealable order subject to direct appeal, rather than a collateral attack on his sentence. (ECF No. 19, PageID 331.) Mr. Fitch argues the 2020 Judgment is a final, appealable order subject to direct appeal under Ohio law (thus restarting the clock on the § 2244(d)(1)(A) statute of limitations) for two reasons: (1) the 2005 sentence was void, rendering it a legal nullity and not a final, appealable order because the trial court failed to impose a mandatory term of post-release control, and (2) even if the 2005 sentence was not void, the 2020 Judgment is a *new*, corrected sentence constituting another final, appealable order from which he took a direct appeal. (ECF No. 19, PageID 331, 335–36.)

He also argues the Report and Recommendation is wrong on the merits of his Petition, because the 2020 Judgment was a resentencing from which he took a direct appeal, and he therefore was entitled to appointed counsel. (*Id.* PageID 336.)

**LEGAL STANDARD**

If a party objects to a report and recommendation within the allotted time, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

**ANALYSIS**

After analyzing Mr. Fitch's objections to the Report and Recommendation *de novo*, the Court **ADOPTS** and **AFFIRMS** the Magistrate Judge's findings and recommendations and **OVERRULES** Mr. Fitch's Objection. The Magistrate Judge correctly concluded the statute of limitations for federal habeas corpus petitions bars Mr. Fitch's Petition, and his Petition would fail on the merits even if it were not time-barred.

Mr. Fitch does not object to the Magistrate Judge's conclusions as to the discovery limitations provision under § 2244(d)(1)(D) or equitable tolling, so he has waived a *de novo* determination of those issues. *See Thomas v. Arn*, 728 F.2d 813, 815 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *see also United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). The Court **ADOPTS** and **AFFIRMS** those conclusions.

I. Statute of Limitations

Mr. Fitch contests the Magistrate Judge's application of 28 U.S.C. § 2244(d)(1)(A), the one-year statute of limitations for habeas corpus petitions filed under 28 U.S.C. § 2254. Under § 2244(d)(1)(A), a one-year statute of limitation applies to habeas corpus petitions filed by a person in custody under a state court judgment, running from the "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The Court addresses Mr. Fitch's statute of limitations arguments in turn, with some overlap because the issues and arguments intertwine.

A. Void v. Voidable Sentences

Mr. Fitch argues his 2005 sentence was void, not voidable, meaning it was not a final, appealable order from which his appeal would be considered a direct appeal for statute of limitations purposes. (ECF No. 19, PageID 331, 335–36.) He relies heavily on *State ex rel. Carnail v. McCormick*, 931 N.E.2d 110 (Ohio 2010), in which the Ohio Supreme Court held a trial court's sentence of a defendant (Mr. Carnail) was void because the court failed to sentence him to a statutorily required five-year term of post-release control. 931 N.E.2d at 116–17. Even though Mr. Carnail was sentenced to a mandatory life sentence for rape, Ohio law at the time required imposition of a five-year term of post-release control for felonies of the first degree and felony sex

6

offenses under Ohio Revised Code § 2967.28(B)(1) (effective to April 6, 2009), with no exception for life sentences.[1] *Id.* at 112–13. Accordingly, the Ohio Supreme Court granted a writ of mandamus ordering the trial court to resentence the defendant with the appropriate five-year term of post-release control. *Id.* at 117.

Mr. Fitch argues the state trial court failed to impose the mandatory five-year term of post-release control as part of his sentence in 2005, rendering the sentence void. (ECF No. 19, PageID 331, 335.) Accordingly, he contends, the sentence was a legal nullity and was not a final, appealable order under Ohio law. (*Id.* PageID 335–36.) Therefore, he argues the 2020 Judgment denying the State's motion to resentence Mr. Fitch is a "corrected sentencing order" and a final, appealable order from which he took a direct appeal in the Ohio Court of Appeals (rather than a collateral attack). (*Id.* PageID 336.) If so, his sentence might not have become "final" for statute of limitations purposes until one year after the conclusion of his direct appeal from that 2020 Judgment in state court.

The Court recognizes the similarities between Mr. Fitch's case and Mr. Carnail's case. Both defendants were sentenced to life in prison on a conviction for rape under the same version of Ohio Revised Code § 2907.02, and the same version of Ohio Revised Code § 2967.28 was in effect for both. But a key difference between them is a change in state law that occurred after *State ex rel. Carnail* and before Mr. Fitch filed his current habeas corpus Petition. In 2020, after some flux in this area of law, the Ohio Supreme Court held a trial court's error in imposing post-release control renders the sentence voidable, not void. *Harper*, 159 N.E.3d at 259–60. This holding means any such errors must be remedied through timely objections at sentencing and on direct appeal,

---

[1] The Ohio General Assembly revised this statute in 2018 so that imposition of post-release control is no longer mandatory for terms of life imprisonment. *See* Ohio Rev. Code § 2967.28(B) (effective October 29, 2018).

otherwise such claims are precluded as res judicata. *Id.* And *Harper*'s holding applies retroactively. *See State v. Johnpillai*, No. 22AP-612, 2023 WL 5091865, at *3 (10th Dist. Ohio Ct. App.) (citing *State v. Henderson*, 162 N.E.3d 776, 779 (Ohio 2020); *State v. Hudson*, 161 N.E.3d 608, 609 (Ohio 2020)). Thus, under *Harper*, a sentencing judgment entry can still be a final, appealable order subject to direct appeal even if there is an error in the imposition of post-release control. *Id.* In other words, the sentence is voidable only on direct appeal, rather than void and subject to challenge at any time.

Because Mr. Fitch did not raise the post-release control issue on direct appeal of his 2005 sentence, he was precluded under *Harper* from raising the claim in a collateral proceeding following the conclusion of his direct appeal. *See Fitch II*, 2021 WL 1259283, at *1–2 (retroactively applying *Harper* to Mr. Fitch's sentence). As the Magistrate Judge concluded (and Mr. Fitch does not contest in his Objection), Mr. Fitch did not explain why he waited until 2019 to try to invalidate the 2005 sentence. (ECF No. 16, PageID 318–20.) Accordingly, the discovery provision of the § 2244(d)(1)(D) statute of limitations does not apply. (*Id.*)

Furthermore, the Sixth Circuit has held the federal habeas statute of limitations runs even when the defendant is held in state custody under a sentence that violates state law. Under § 2244(d)(1), the statute of limitations applies "to an application for a writ of habeas corpus by a person *in custody* pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1) (emphasis added). Because that statute does not "require[] that a judgment be valid under state law," the Sixth Circuit held "even if [the defendant's] original . . . sentence was void under Ohio law, it was still cognizable under federal habeas law." *Mackey v. Warden, Lebanon Corr. Inst.*, 525 F. App'x 357, 361 (6th Cir. 2013) (citing *Frazier v. Moore*, 252 F. App'x. 1, 4–5 (6th Cir. 2007)), *abrogated on other grounds*, *Crangle v. Kelly*, 838 F.3d 673, 678 (6th Cir. 2016). Accordingly, the statute of

8

limitations under § 2244(d)(1) begins to run even if the petitioner's underlying sentence is void under state law. *Id.* at 361.

Accordingly, even if Mr. Fitch's 2005 sentence was void, the one-year federal habeas corpus statute of limitations began to run once his appeal of that sentence became final. Thus, the statute of limitations began to run after the time to seek Ohio Supreme Court review of the Court of Appeals decision in *Fitch I* expired in late 2006.

For these reasons, the one-year statute of limitation under § 2244(d)(1)(A) expired one year after Mr. Fitch's appeal of the 2005 Judgment became final, about fifteen years before he filed his Petition.

### B. Direct v. Collateral Appeal

Next, Mr. Fitch argues the 2020 Judgment denying the State's motion for resentencing (and implicitly denying Mr. Fitch's motion to correct his sentence) modified his sentence and was a final, appealable order from which he took a direct appeal. (ECF No. 19, PageID 336.) In essence, he argues the 2020 Judgment was a new sentence that reset the one-year statute of limitations under 28 U.S.C. § 2244(d)(1)(A) even if his 2005 sentence was voidable, not void.

The 2020 Judgment, in relevant part, reads:

> The Court imposed a sentence of life imprisonment, which was mandatory based on the jury's special finding that the victim was less than 10 years of age. Accordingly, the Defendant is not subject to either a discretionary or a mandatory period of post release control supervision.
>
> Therefore, the State's Motion to Impose a Mandatory Term of Post Release Control Supervision is denied. The Defendant is not subject to post release control supervision because he received a sentence of life imprisonment.
>
> IT IS SO ORDERED.

(ECF No. 11, PageID 160.)

If the 2020 Judgment was a new sentence, and Mr. Fitch's appeal to the Fifth District Court

9

of Appeals was a direct review of that sentence, his Petition might not be time-barred under 28 U.S.C. § 2244, because that statute of limitations begins to run from the "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *see In re Stansell*, 828 F.3d 412, 416–17 (6th Cir. 2016) (holding that an Ohio trial court's judgment resentencing a defendant to a term of post-release control after failing to do so in the original sentence was "a new custodial sentence" and "a new judgment for purposes of § 2254."); *Crangle*, 838 F.3d at 678 (citing *King v. Morgan*, 807 F.3d 154, 157–58 (6th Cir. 2015)) ("[A]fter a new sentence, a prisoner can bring a new petition attacking the underlying conviction as well as the new judgment."). But if the 2020 Judgment was not a new sentence, it did not reset the federal habeas corpus statute of limitations, and Mr. Fitch's Petition is time-barred.

But does state or federal law determine whether the 2020 state court proceedings were direct or collateral for the purposes of 28 U.S.C. § 2244(d)(1)(A)? As it stands, "the Supreme Court has not yet had occasion to classify state appellate review methods (other than direct appeal from judgment of conviction) as either 'direct review' or 'collateral review.'" *Losh v. Fabian*, 592 F.3d 820, 824 (8th Cir. 2010) (internal quotation omitted). In the absence of U.S. Supreme Court guidance, "[s]ome federal courts of appeal . . . have decided that state law governs whether a state appellate review procedure is direct or collateral for purposes of 28 U.S.C. § 2244(d)(1)(A)," while other federal appellate courts have determined that federal law controls. *Id.* at 825 (collecting cases from the Fourth, Seventh, Eighth, Tenth, and Eleventh Circuits). To this Court's knowledge, the Sixth Circuit has not decided the issue. Ultimately, though, whether federal or state law controls to determine whether Mr. Fitch's appeal of the 2020 Judgment was direct or collateral does not matter here, because the result is the same in both circumstances.

10

### i. Direct or Collateral Under State Law

Through the lens of state law, the appeal was collateral. The Magistrate Judge held Mr. Fitch's appeal of the 2020 Judgment was a collateral proceeding as a matter of state law and that state courts had already decided that issue. (ECF No. 16, PageID 323–25.) As the Magistrate Judge correctly observed, this Court may review a state prisoner's habeas petition "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2254, and not "on the basis of a perceived error of state law," *Pulley v. Harris*, 465 U.S. 37, 41 (1984). (ECF No. 16, PageID 323.) "On habeas review, [federal courts] are bound by state court interpretations of state criminal law except in extreme circumstances where it appears that the interpretation is an obvious subterfuge to evade consideration of a federal issue." *Warner v. Zent*, 997 F.2d 116, 133 (6th Cir. 1993) (citing *Mullaney v. Wilbur*, 421 U.S. 684, 690–91 & n. 11 (1975)).

The Court agrees with the Magistrate Judge that the appeal was collateral as a matter of state law, as decided by the state appellate court. Relying on *Harper*, the Fifth District Court of Appeals held any error in the imposition of post-release control in Mr. Fitch's 2005 sentence "is now barred by res judicata, as this is not a direct appeal from Appellant's judgment of conviction and sentence." *Fitch II*, 2021 WL 1259283, at *2. The Fifth District Court also held that "[b]ecause this was a collateral proceeding and not a direct appeal, we find the trial court did not err in overruling Appellant's motion for appointment of counsel." *Id.* To the extent the Fifth District Court determined Mr. Fitch's appeal of the 2020 Judgment was a collateral proceeding as a matter of state law, this Court is bound by that interpretation of state law, and the Court finds the interpretation is not an obvious effort to evade consideration of a federal issue. *See Warner*, 997 F.2d at 133.

### ii. Direct or Collateral Under Federal Law

The appeal was also collateral as a matter of federal law. Under federal law, as the Magistrate Judge held, "[a] motion to correct a sentence is generally considered a collateral attack on a sentence, not a first appeal of right." (ECF No. 16, PageID 324 (citing, e.g., *Musall v. Jones*, No. 05-CV-71625, 2006 WL 1547637, at *6 (E.D. Mich. May 31, 2006)).) "Final judgment in a criminal case means sentence. The sentence is the judgment." *Berman v. United States*, 302 U.S. 211, 212 (1937); (*see* ECF No. 16, PageID 324.) "The sentence that matters in a habeas case . . . is the one 'pursuant to' which an individual is held 'in custody.'" *In re Stansell*, 828 F.3d 412, 416 (6th Cir. 2016) (quoting *Magwood v. Patterson*, 561 U.S. 320, 332 (2010)).

The sentence under which the State of Ohio is holding Mr. Fitch in custody is the 2005 Judgment, not the 2020 Judgment. Although the 2020 Judgment describes the sentence in slightly different terms than the 2005 Judgment, the 2020 Judgment did not alter or vacate the 2005 Judgment. The matter was before the state trial court on motions to modify Mr. Fitch's sentence, which are collateral attacks on the sentence. The state trial court denied those motions, leaving in place the original sentence as ordered in the 2005 Judgment. Therefore, this case is distinguishable from *In re Stansell* because there was no new custodial sentence. *See In re Stansell*, 828 F.3d at 416–17. Thus, through the lens of federal law, Mr. Fitch's appeal of the 2020 Judgment (and the related order denying him appointed counsel to prosecute that appeal) was part of a collateral attack on his original sentence under the 2005 Judgment, not a direct review of a new sentence.

Whether assessed as a matter of state law or federal law, Mr. Fitch's appeal of the 2020 Judgment to the Fifth District Court of Appeals in *Fitch II* was a collateral proceeding and not a direct appeal. Accordingly, the 2020 Judgment did not reset the federal habeas corpus statute of limitations clock under 28 U.S.C. § 2244(d)(1)(A). The one-year statute of limitations began to

run at the end of his appeal of the 2005 Judgment, about fifteen years before Mr. Fitch filed his Petition for a writ of habeas corpus. Accordingly, his Petition is time-barred under 28 U.S.C. § 2244(d)(1)(A).

## II. Merits: Mr. Fitch's Right to Counsel

Last, Mr. Fitch objects to the Magistrate Judge's conclusion that even if Mr. Fitch's Petition was not time-barred, it fails on the merits. (ECF No. 19, PageID 336.) He argues he was improperly denied appointed counsel in his appeal of the 2020 Judgment, which he argues was a direct appeal rather than a collateral proceeding. (*Id.*) But as this Court held above, that argument fails because under both state law and federal law, Mr. Fitch's appeal of the 2020 Judgment was a collateral proceeding, not a direct appeal. Accordingly, he did not have the right to counsel under the United States Constitution in his appeal of the order denying him appointed counsel for the appeal of the 2020 Judgment. *See Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987) ("It is a collateral attack that normally occurs only after the defendant has failed to secure relief through direct review of his conviction. States have no obligation to provide this avenue of relief, . . . and when they do, the fundamental fairness mandated by the Due Process Clause does not require that the State supply a lawyer[.]").

## CONCLUSION

For the reasons stated in this Opinion and Order, the Court **ADOPTS** and **AFFIRMS** the Magistrate Judge's Report and Recommendation. (ECF No. 16.) Mr. Fitch's Objection is **OVERRULED**. (ECF No. 19.) The Court **DISMISSES with prejudice** Mr. Fitch's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus. (ECF No. 1.)

The Clerk is **DIRECTED** to enter judgment and terminate this case on the Court's docket.

**IT IS SO ORDERED.**

<u>**7/29/2025**</u>                                              <u>**s/Edmund A. Sargus, Jr.**</u>
**DATE**                                                    **EDMUND A. SARGUS, JR.**
                                                            **UNITED STATES DISTRICT JUDGE**